## GUERIN'S HEIRS *vs.* BAGNERIES.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Heirship may be proved by parol evidence, when it does not appear, or is not shown, there was a register of marriages, births and deaths in existence. The latter will not be presumed, as it must be positively proved, that such register does exist.

Parol evidence will be received to identify a slave which was inherited by the plaintiff's mother from her father's estate, and to show her *possession* of said slave as part of the inheritance.

So parol evidence is admissible to *identify property* of a succession, accepted by an heir after having shown his right to inherit; or to identify slaves born on a plantation when the owner possesses by no written title.

Where the purchaser under execution is evicted, he is entitled to judgment over against the *seized debtor* and *seizing creditor*, on his warranty, but under article 711 of the Code of Practice, he *must first take out his execution* against the former and on the return of *nulla bona*, may proceed against the latter.

This is a petitory action. The plaintiffs who are the children and heirs of the late Madame Guerin, formerly Marguerite

Chauvin Delery, now deceased, sue to recover a female slave named Celestine and her daughter Fanny, which they allege they inherited from their deceased mother, and which are in the possession and claimed by the defendant Bagneries. He sets up title to said slaves under a marshal's sale, made in pursuance of a judgment and execution in favor of A. & J. Dennistoun & Co. against Louis Guerin, the husband of the plaintiffs' ancestor. *See the case in* 13 *La. Reports,* 14.

On the return of the cause to the Parish Court for further proceedings, the plaintiffs made proof of their capacity as heirs of their deceased mother, and proved by witnesses the identity of the slave Celestine and her child named Fanny. They also showed by parol evidence that Celestine had been given to their mother by her father François Chauvin Delery, on her marriage with Louis Guerin, who retained possession of said slaves until her death. Afterwards being found in the possession of Louis Guerin, they were seized and sold in execution by the U. States marshal, which issued on a judgment obtained against said Guerin by A. & J. Dennistoun & Co. and the defendant became the purchaser. All this testimony was objected to as inadmissible as not the highest and best evidence of which the case was susceptible.

Dennistoun & Co. and L. Guerin were cited in warranty by the defendant.

There was judgment in favor of the plaintiffs decreeing them the slaves claimed, and costs of suit; and also in favor of the defendant Bagneries over against the members of the firm of Dennistoun & Co. *in solido*, in their warranty for the sum of $1300, as the price at which said slaves were adjudicated by the marshal to the defendant, on the 18th October, 1834, with 5 per cent. interest from said date until paid; and finally that they have alike judgment over against Louis Guerin, also their warrantor. The defendant and warrantors all appealed.

*Preston*, for the plaintiffs, insisted on the affirmance of the judgment.

EASTERN DIS.
June, 1841.

GUERIN'S HEIRS
vs.
BAGNERIES.

Canon, for the defendant, contended that under article 44 of the Code of Practice, the plaintiffs had failed to make out such a title to the slaves in question as would authorize a recovery in a petitory action.

2. If, however the plaintiffs should succeed in evicting the defendant, he is entitled to judgment over against both plaintiffs and defendant in the execution under which the slaves were seized, sold and purchased. *C. Pr. art.* 711.

*Th. Slidell,* for the warrantors, Dennistoun & Co., insisted that the plaintiffs had not made out such a case as would entitle them to recover against a title derived from the marshal's sale. *C. Pr.* 44.

2. He maintained that parol testimony was improperly admitted to prove the heirship of the plaintiffs and of their claim to said slaves by inheritance; and the will of their grand-father from whom their mother is said to have received the slave Celestine, does not recite or make mention of any such slave, and this defect cannot be shown by parol testimony. There is also a discrepancy between the written and parol proof in relation to the plaintiffs' claim.

3. The judgment is erroneous as regards the warrantors under the article 711 of the Code of Practice, and should be corrected and made conformable to it.

*Simon, J.* delivered the opinion of the court.

This case having been remanded for further proceedings, see 13 La. Rep., 17; the lower court, according to the instructions of this court, permitted the plaintiffs to introduce parol evidence, to prove the execution of the act of settlement of the estate of François Chauvin Delery, and to show that the slave *Celestine,* by them claimed, is the same that was inherited by the plaintiffs' mother from her father. The defendant took a bill of exceptions, and judgment having been rendered in favor of said plaintiffs, said defendant and his warrantors appealed.

The additional evidence adduced before the inferior court,

establishes that the act of settlement was executed on the first
of July, 1823 (day of its date), that the slave Celestine claimed
by plaintiffs, is the same that was given to their mother by her
father at the time of her marriage with Louis Guérin; that
said slave was then 12 or 14 years old; that plaintiffs' mother
got possession of said slave in 1810, and kept her in her said
possession until her death. That the plaintiffs are her heirs.
That Celestine remained in the possession of Louis Guérin and
of the heirs of his deceased wife until said Louis Guérin failed;
and that said slave has a child named Fanny. It is also shown
that Celestine is the same slave that was sold by the marshal
of the United States; and is the same one valued in the act of
settlement at $600.

This cause is now before us on its real merits, and we shall
therefore proceed to examine all the various grounds upon
which the defendant and his warrantors attempt to resist the
plaintiffs' claim, and endeavor to maintain the title which was
transferred to the said defendant by the adjudication made to
him by the marshal of the United States. They contend :

1. That there is no competent proof of the heirship of the
plaintiffs; as the only proper and legal proof of such heirship
is the mortuary proceedings of their deceased parent.

2. That parol evidence was improperly admitted of the
slaves in question, having been donated to plaintiffs' mother,
inasmuch as the will of François Chauvin Delery does not re-
cite the names of any of the slaves therein stated to have been
formerly given.

3. That François Chauvin Delery, by his will, mentions
eight children as his heirs and universal legatees, whilst only
seven are recited in the act of partition or settlement of his
succession.

4. That all the heirs and parties to the act of partition,
whose names are therein recited, did not sign it.

5. That said act is an act under private signature, which
never was registered according to law; and is not valid against
*bona fide* purchasers and creditors.

EASTERN DIS.
June, 1841.

GUERIN'S HEIRS
vs.
BAGNERIES.

Heirship may be proved by parol evidence, when it does not appear, or is not shown, there was a register of marriages, births and deaths in existence. The latter will not be presumed, as it must be positively proved that such register does exist.

Parol evidence will be received to identify a slave which was inherited by the plaintiffs' mother from her father's estate, and to show her possession as part of the inheritance.

6. That the plaintiffs have not made out their title to the slave *Celestine;* and that the identity of the slave *Fanny* is not satisfactorily established.

I. The testimony introduced to prove the heirship of the plaintiffs was not objected to in the court below; and although it is true that the registers of marriages, births and deaths are higher and more proper evidence than proof by witnesses, yet the existence of the former will not be presumed, as it must be positively proved that such registers or other proceedings do exist. 11 *Martin,* 718; 8 *Martin, N. S.,* 269.

II. This is one of the legal points which were the subject of the decision of this court reported in 13 *La. Rep.* 17; and we fully concur in the opinion then pronounced. It is obvious that the parol evidence complained of does not go to establish a title or a donation by parol, but merely to identify a slave which was inherited by plaintiffs' mother from her father's estate, and to show the fact of said slave's having been put in her possession and kept by her as part of the inheritance. Such fact is independent of the act of partition and settlement which was subsequently passed between the heirs, as her said possession was far anterior to the execution of the said act, and commenced in 1810, at the time of her marriage with the plaintiffs' father, who, after her death, became their tutor and never had in himself any right or title to the property in dispute. It is true, that the will of François Chauvin Delery recognizes that he gave a female slave, valued at $600, to each of his married children, in advance of their shares in his succession, *en avan- cement d'hoirie,* and that those slaves are not named in the said will; but this does not constitute the real and only title under which the plaintiffs are entitled to claim the slaves in question; it is on their *right of inheritance* in representation of their deceased mother, to whom the slave Celestine was de- livered by her father in advance of her rights to his future suc- cession, that their title is based, and in such a case, we under- stand that proof of the right to inherit, and of the identity of the property inherited, is all that can be required to show that

the title of the author is vested in the heir.    12 *Martin*, 649.    EASTERN DIS.
Indeed, it may often happen, that an individual who is legally        *June*, 1841.
called to the succession of another, accepts it absolutely, and   GUERIN'S HEIRS
puts himself in possession of the  property thus inherited;       *vs.*
                                                                  BAGNERIES.
without being able to show any other written proof  of his title
                                                                  So parol evi-
but the *ex parte* inventory which he has caused to be made;  dence is admis-
and in such a case, if no inventory has been made (this is not  sible to *identify*
                                                                *property*  of  a
necessary in all cases), how could he  show his title  to such or  succession,  ac-
                                                                   cepted  by  an
such specific property, if he was not to be allowed to prove by  heir  after  hav-
                                                                  ing  shown  his
parol, after having established his right to inherit, the identity  right to inherit;
                                                                   or  to  identify
of the property inherited ?   In the case  of slaves born on a  slaves  born  on
plantation, how could the owner prove his title to them in any  a    plantation
                                                                when the  owner
other manner but by parol, that is to say,  by identifying such  possesses  by  no
                                                                written title.
slaves as being born in his possession ?    We think the defend-
ant has carried his objection too far :  the  rule  is  that all sales
(every transfer) of immoveable property and slaves must be in
writing ;  *La. Code*, *Arts.* 2255, 2415 *;*  and that parol proof of
ownership or title to such property  cannot be admitted, unless
the object of  the evidence  is  *to  establish  possession* and *that
the plaintiff acquired  the property  by  inheritance*.    It is clear
then, that the rule is not applicable to the present case, and that
the right of the  plaintiffs  to the slaves by them claimed being
founded on their right of inheritance, the evidence by them of-
fered was legally admissible.   The circumstance of there being
a will and an act of  partition, in which the slave is not named,
cannot affect their right of  recovery, as without those acts, the
plaintiffs would  not  be  precluded  from  establishing the same
facts.

III.   The defendant ought  to  have  shown, that  the  eight
children mentioned in the will, were in existence at the time of
the death of  the plaintiffs' ancestor, in order to establish this
point.

IV.   The view we have taken of  the second ground, renders
the examination of  this question unnecessary :  the act of par-
tition or settlement objected to, cannot add anything to the
plaintiffs' right, nor can it affect it ;  it serves only to show

that the plaintiffs have, by collation, accounted to their co-heirs for the value of the slave inherited by their mother.

V. The *Art.* 2242 of the *La. Code* is not applicable to this case: the defendants cannot pretend to be creditors of the plaintiffs' ancestor, nor can they maintain to have purchased the slaves in question from the same person and under the same title. Moreover the plaintiffs and their mother had been in possession of said slaves since 1810, at which time Celestine was really delivered to their said mother; whilst the act complained of was only executed in 1823.

VI. From the evidence adduced by the plaintiffs, we are of opinion that they have completely made out their case, and that the slave Fanny has been satisfactorily identified to be the child of the female slave Celestine.

With regard to the judgment rendered by the lower court in favor of the defendant Bagneries against his warrantors, we think it is correct, except that the interest on the amount of said judgment should run from the 27th of November, 1834, and not from the 18th of October previous, and that instead of ordering the said amount to be first recovered of the creditors, said judgment should have been in conformity with the 711*th Article of the Code of Practice*, to wit: "if the purchaser has been evicted from the thing adjudged to him, on the ground that *it belongs to another person* than the party in whose hands it was taken, he shall in that case have his recourse for reimbursement against the *seized debtor* and the *seizing creditor;* but upon the judgment obtained jointly for that purpose, the purchaser *shall first take execution* against the debtor, and *upon the return* of such execution, *no property found*, then he shall be at liberty to take out execution against the creditor." It is thus perfectly clear, that the defendant must first proceed against Louis Guérin, and that he cannot take out his execution against Dennistoun & Co., until from the return of the first writ it is ascertained, that no property has been found to satisfy the claim.

*Where the purchaser under execution is evicted, he is entitled to judgment over against the seized debtor and seizing creditor, on his warranty, but under article 711 of the Code of Practice, he must first take out his execution against the former and on the return of nulla bona, may proceed against the latter.*

It is therefore ordered, adjudged and decreed that the judg-

ment of the Parish Court be affirmed with costs, with this mo- *Eastern Dis.*
dification : that Zénon Bagneries do recover of Louis Guérin, *June,* 1841.
Alexander Dennistoun, John Dennistoun, William Wood,
Robert Dick, William Craig Mylne, and Murray Mercies
Thompson, *in solido,* the last named six persons composing
the firm of A. & J. Dennistoun & Co., the sum of thirteen
hundred dollars, with five per cent. interest per annum thereon
from the 27th of November, 1834, until paid, and the costs of
this suit in the lower court only ; and that the execution of this
judgment be stayed as against A. & J. Dennistonn & Co., un-
til the return of the execution, which is first to be issued by said
defendant against Louis Guérin according to law ; the costs in
this court to be borne by the defendant.